1  BRIAN G. WOLF (BAR NO. 135257)
   HENRY L. SELF III (BAR NO. 223153)
2  LAVELY & SINGER
   PROFESSIONAL CORPORATION
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  (310) 556-3501
   (310) 556-3615 facsimile
5  bwolf@lavelysinger.com
   hself@lavelysinger.com
6
   Attorneys for Plaintiff
7  RICHARD LA PLANTE

8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                              CV09-00455 CAS (SSx)

12  RICHARD LA PLANTE, an          )  CASE NO.
    individual,                    )
13                                 )
                                   )  **COMPLAINT FOR COPYRIGHT
14         Plaintiff,               )  INFRINGEMENT**
                                   )
15     v.                          )
                                   )  ***DEMAND FOR JURY TRIAL***
16  TOLLIN/ROBBINS                 )
    PRODUCTIONS, LLC, a Delaware   )
17  limited liability company; WILD )
    HOGS PRODUCTIONS, INC., a      )
18  Delaware corporation;          )
    TOUCHSTONE PICTURES, a         )
19  division of DISNEY             )
    ENTERPRISES, INC., a Delaware  )
20  corporation; BUENA VISTA       )
    PICTURES, a business entity of )
21  unknown form; BUENA VISTA      )
    HOME ENTERTAINMENT, INC.,      )
22  a California corporation; BRAD )
    COPELAND, an individual; and   )
23  DOES 1-10, inclusive,          )
                                   )
24         Defendants.              )
                                   )
25

26

27

28

K:\4523-2\PLE\COMPLAINT 010509.wpd         1

Plaintiff RICHARD LA PLANTE ("Plaintiff" or "La Plante") alleges as follows:

## THE PARTIES

1. Plaintiff is, and at all times relevant hereto was, an individual residing in the County of Ventura, State of California.

2. Plaintiff is informed and believes and based thereon alleges that defendant TOLLIN/ROBBINS PRODUCTIONS, LLC ("Tollin/Robbins") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes and based thereon alleges that defendant WILD HOGS PRODUCTIONS, INC. ("Wild Hogs Productions") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes and based thereon alleges that defendant TOUCHSTONE PICTURES ("Touchstone") is, and at all times relevant hereto was, a division of DISNEY ENTERPRISES, INC., a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes and based thereon alleges that defendant BUENA VISTA PICTURES ("BVP") is a business entity of unknown form, having its principal place of business in the County of Los Angeles, State of California.

6. Plaintiff is informed and believes and based thereon alleges that defendant BUENA VISTA HOME ENTERTAINMENT, INC. ("BVHE") is, and at all times relevant hereto was, a corporation organized and existing under the laws

///

K:\4523-2\PLE\COMPLAINT 010509.wpd                    2

of the State of California, having its principal place of business in the County of Los Angeles, State of California.

7. Plaintiff is informed and believes and based thereon alleges that defendant BRAD COPELAND ("Copeland") is, and at all times relevant hereto was, an individual residing in the County of Los Angeles, State of California.

8. Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. Hereinafter, all defendants (including the Doe defendants) will sometimes be referred to collectively as "Defendants."

9. Plaintiff is informed and believes and based thereon alleges that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture. Plaintiff is informed and believes and based thereon alleges that the officers, directors and/or managing agents of the business entity defendants authorized, directed and/or ratified the wrongful acts of the employees and representatives of said defendants and, consequently, all of said defendants are jointly and severally liable to Plaintiff.

## JURISDICTION & VENUE

10. This action arises under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq.*, based on acts of copyright infringement committed in the
///

United States. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. Sections 1331 and 1338(a).

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and/or this is a judicial district in which defendants reside or may be found.

## FACTS

12. La Plante is the author of several books, including a nonfiction memoir titled *Hog Fever*, first published in 1994. La Plante registered his copyright in *Hog Fever* with the United States Copyright Office under registration number TX 4041469.

13. Due in part to the success of his books, including especially *Hog Fever*, La Plante was approached in or around 2004 by Jason Orans of Gigantic Pictures LLC ("Gigantic") to write a motorcycle-themed motion picture screenplay. Through his loan-out company Escargot Productions Ltd. ("Escargot"), La Plante entered into a contract with Gigantic whereby he agreed to write the screenplay for a motion picture about a group of middle-age suburban bikers going on a cross-country motorcycle adventure to be produced by Gigantic. The parties agreed to share ownership of the screenplay on an equal (50%-50%) basis.

14. Pursuant to the agreement between Gigantic and Escargot, in 2004 La Plante created and wrote a screenplay about a group of middle-age suburban bikers going on a cross-country motorcycle adventure titled *Road Kings*. Gigantic and Escargot subsequently entered into an amendment to their agreement such that all rights, title and interests in *Road Kings* were transferred and assigned by Gigantic to Escargot. Escargot, in turn, assigned all rights, title and interest in *Road Kings* to La Plante. Consequently, La Plante owns 100% of the copyright in the *Road Kings* screenplay. La Plante submitted *Road Kings* to the United States Copyright Office for registration in his name.

15.  In or around November 2004, Orans sent a copy of La Plante's completed *Road Kings* screenplay to screenwriter Geoff Rodkey. Rodkey is credited as the author of the screenplays for such recent films as *Daddy Day Care*, *The Shaggy Dog*, *RV* and *Daddy Day Camp*. Orans was personally acquainted with Rodkey and had previously contacted Rodkey regarding his interest in writing a motorcycle-themed screenplay. Although Rodkey had previously declined to be involved in the project because he did not know anything about motorcycles or motorcycle culture, he offered to read La Plante's *Road Kings* screenplay and give Orans notes and recommendations on *Road Kings*. Accordingly, in or around November 2004, Orans sent a copy of La Plante's *Road Kings* to Rodkey for his review. After Rodkey had read *Road Kings*, Orans and Rodkey had one or more conversations in 2005 during which Rodkey provided Orans with notes and comments regarding *Road Kings*.

16.  Around the same time, in November 2005, entertainment industry news media began reporting that defendants Tollin/Robbins and Touchstone had announced plans to produce and release a motion picture titled *Wild Hogs*, the apparent premise of which was highly similar to that of *Road Kings*. Having observed such reports, Orans became suspicious after learning of Rodkey's business relationships with Tollin/Robbins and Touchstone. For example, Rodkey was reportedly paid $1.25 million for a family comedy he pitched to Walt Disney Pictures (parent company of defendants Touchstone and Disney Enterprises, Inc.) to be co-produced by defendant Tollin/Robbins. Similarly, Brian Robbins, a principal of defendant Tollin/Robbins, directed Rodkey's *The Shaggy Dog*, which was also a Walt Disney Pictures production. Based, in part, on Rodkey's long standing business affiliation with defendants Tollin/Robbins and Touchstone, Plaintiff is informed and believes and based thereon alleges that Rodkey conveyed and disclosed, in whole or in part, *Road Kings* to one or more of the Defendants.

///

17. Defendants thereafter produced and released the motion picture *Wild Hogs*, which debuted in theaters in March 2007. *Wild Hogs* was written by defendant Copeland and produced by defendants Tollin/Robbins, Wild Hogs Productions and Touchstone. Defendant BVP distributed *Wild Hogs* to movie theaters in the United States and defendant BVHE has been its domestic home video distributor since the film was first released on DVD, Blu-ray Disc and other such home formats in August 2007. According to the United States Copyright Office, Touchstone claims copyright in *Wild Hogs* under registration number PA 1332117.

18. *Wild Hogs* has been a commercial success, reportedly grossing more than $243 million in worldwide box office receipts. It has performed so well, in fact, that Tollin/Robbins and Touchstone are reportedly producing a sequel motion picture, *Wild Hogs 2*, apparently to be released in theaters next year.

19. By creating, reproducing, distributing, performing and otherwise exploiting *Wild Hogs*, Defendants have violated and continue to infringe La Plante's copyright in *Road Kings*. La Plante is informed and believes and based thereon alleges that one or more of Defendants had access to his *Road Kings* screenplay. La Plante is further informed and believes and based thereon alleges that significant portions and protectable elements of *Road Kings* have been copied and incorporated into *Wild Hogs*. The two works are substantially, if not strikingly, similar. At no time did La Plante authorize any of the Defendants to use any portion of *Road Kings* or otherwise copy, reproduce, distribute, perform or exploit any portion of *Road Kings*.

## CAUSE OF ACTION
**(By Plaintiff For Copyright Infringement Against All Defendants)**

20. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. As alleged hereinabove, Defendants have since March 2007 been infringing La Plante's copyright interests in *Road Kings*. La Plante is informed and believes and based thereon alleges that Defendants, who had access to his *Road Kings* screenplay, copied and incorporated constituent original elements of *Road Kings* in writing, producing and distributing *Wild Hogs*. The two works share significant similarities in plot, themes, dialogue, mood, setting, pace, characters, and sequence of events such that the ordinary, reasonable audience would recognize *Wild Hogs* as a dramatization or picturization of *Road Kings*. Defendants' acts constitute copyright infringement under 17 U.S.C. § 101 *et seq*. Unless enjoined and restrained, Defendants' conduct threatens to further infringe La Plante's rights.

22. By reason of Defendants' infringement of La Plante's copyright interests in *Road Kings*, La Plante has sustained and will continue to suffer substantial injury, loss and damage to his ownership rights in his work.

23. Further irreparable harm to La Plante is imminent as a result of Defendants' conduct, and he is without an adequate remedy at law. La Plante is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

24. La Plante is further entitled to recover from Defendants the damages sustained as a result of Defendant' acts of copyright infringement. La Plante is at present unable to ascertain the full extent of the monetary damage he has suffered by reason of Defendants' acts of copyright infringement, but he is informed and believes and based thereon alleges that he has sustained such damage in an amount exceeding $1,000,000.

25. La Plante is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their copyright infringement. La Plante is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright

infringement, but he is informed and believes and based thereon alleges that Defendants have obtained such gains, profits and advantages in an amount exceeding $10,000,000.

26. Alternatively, La Plante is further entitled to recover from Defendants statutory damages pursuant to 17 U.S.C. Section 504(c).

## PRAYER FOR RELIEF

WHEREFORE, La Plante prays as follows:

1. For a temporary restraining order, preliminary injunction and permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from manufacturing, reproducing, distributing, adapting (including creating a sequel), displaying, advertising, promoting, offering for sale and/or selling, performing or otherwise exploiting *Wild Hogs*;

2. For actual damages and Defendants' profits or statutory damages in amounts to be determined at trial;

3. For reasonable attorneys' fees and costs;

4. For interest on the above at the maximum legal rate as provided by law; and

5. For such other and further relief as the Court deems just and proper.

DATE: January 21, 2009

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: /s/ Brian G. Wolf
BRIAN G. WOLF
Attorneys for Plaintiff
RICHARD LA PLANTE

## DEMAND FOR JURY TRIAL

Plaintiff Richard La Plante demands a trial by jury.

DATE: January 21, 2009

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: _____
     BRIAN G. WOLF
Attorneys for Plaintiff
RICHARD LA PLANTE